IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD MUGG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| JOHN W. HUTMACHER; MATTHEW A. FERRIS; J. MICHAEL BUCKLEY; USGB, LLC *d/b/a* UNITED STATES GOLD BUREAU; LONE STAR TANGIBLE ASSETS, LP; LONE STAR TANGIBLE ASSETS MANAGEMENT, LLC; FERRIS HOLDINGS, LLC; HUTMACHER HOLDINGS, INC.; HUT FAMILY, LP; and JIM BUCKLEY INVESTMENT HOLDINGS, LLC, | § § § § § § § § § § § § § § | 1:18-CV-732-RP |
| Defendants. | § § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning a motion to dismiss filed by Defendants John W. Hutmacher; Matthew A. Ferris; J. Michael Buckley; USGB, L.L.C., d/b/a United States Gold Bureau; Lone Star Tangible Assets, L.P.; Lone Star Tangible Assets Management, L.L.C.; Ferris Holdings, L.L.C.; Hutmacher Holdings, Inc.; Hut Family, L.P.; and J.M. Buckley Investment Holdings, L.L.C. (together, "Defendants"). (Mot. Dismiss, Dkt. 8; R. & R., Dkt. 28). In his report and recommendation, Judge Lane recommends that the Court deny the motion and order Plaintiff Edward Mugg ("Mugg") to clarify one of his claims. (R. & R., Dkt. 28, at 16). Defendants timely filed objections to the report and recommendation. (Objs., Dkt. 32).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C.

§ 636(b)(1)(C). Because Defendants timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so, the Court overrules all nine of Defendants' objections and adopts the report and recommendation as its own order.

In overruling Defendants' objections, the Court makes the following observations. First, many of Defendants' objections raise new arguments not presented to the magistrate in their motion to dismiss: the second objection, arguing that the RICO persons are not distinct from the RICO enterprise, (Objs., Dkt. 32, at 9–11); the pattern argument contained in the third objection, (*id.* at 13–14); and the fifth and sixth objections, which cite legal authority for the first time in opposition to their respective claims, (*id..* at 16–18). Those argument are waived because they are raised for the first time in Defendants' objections to the report and recommendation. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994) (holding that the objecting party forfeited an argument "by raising it for the first time in their objection to the magistrate judge's Report and Recommendation.").

Other objections rely on the argument that Mugg did not plead his fraud claims with enough particularity: the first half of the third objection, (Objs., Dkt. 32, at 11–13); the fourth objection, (*id.* at 14–15); and the part of the fifth objection pertaining to negligent misrepresentation, which was not waived, (*id.* at 15–16). The Court overrules those objections because it agrees with the magistrate that Mugg adequately alleged the elements of fraud with enough particularity to satisfy Federal Rules of Civil Procedure 9(b) and 12(b)(6). (R. & R., Dkt. 28, at 7, 8–9, 11).

Defendants' eighth and ninth objections, repeating arguments made in their motion to dismiss, ask the Court to reject Mugg's money-had-and-received and unjust-enrichment claims based on evidence outside the amended complaint that purportedly contradicts Mugg's allegations. (Objs.,

Dkt. 32, at 20–21). The magistrate correctly rejected these arguments as inappropriate at this stage of the litigation. (R. & R., Dkt. 28, at 14–16).

Lastly, there are Defendants' seventh and first objections. Their seventh objection argues asks the Court to dismiss Mugg's civil conspiracy if it dismisses all of the other causes of action in his complaint. (Objs., Dkt. 32, at 19). That objection is overruled because the Court will not dismiss all of Mugg's other causes of action. Defendants' first objection, merely defends the decision not to file a reply in support of their motion to dismiss but presents no argument for rejecting a finding made by the magistrate.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 28), is **ADOPTED**. Defendants' motion, (Dkt. 8), is **DENIED.** Mugg is granted leave to amend his complaint for the purposes of clarifying his fraudulent concealment claim. He shall do so on or before **August 16, 2019**.

**SIGNED** on August 2, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE